In the Matter of the Claim of BORDEN ·C. REED, Respondent, against FRED J. BROOKHISER, Doing Business as ELBERS LANDSCAPE SERVICE, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board. The board found that in the course of his employment as a landscape gardener, claimant helped to load upon trucks and to unload therefrom 100-pound bags of seed and 250-pound bales of fertilizer as well as bales of peat moss weighing from 200 to 300 pounds each; and thereafter, while using hand tools to loosen frozen soil and to tamp sod, experienced pain and sustained accidental injuries, including an epidural hemorrhage. Appellants dispute the finding of accident. Upon operation, a large, fresh blood clot pressing upon the spinal cord was encountered and removed. There was ample medical proof that claimant's work effort caused the rupture of a blood vessel and that pain ensued and increased as (by reason of a coagulation defect) hemorrhage continued and blood accumulated in the particular area. Evidence of accidental causation was adduced from the neurological surgeon who operated, from the specialist in hemotology, who treated claimant and from a general practitioner. Appellants' expert admitted the possibility of traumatic causation arising out of the work. Appellants contend there was no evidence of unusual exertion and indeed the board found none, but extraordinary effort need not be found in order to establish accident in the case of an actual rupture. (*Matter of Sawatzki* v. *Friedman,* 4 A D 2d 907, motion for leave to appeal denied 3 N Y 2d 710; *Matter of Brancato* v. *Cowper Co.,* 282 App. Div. 752, motion for leave to appeal denied 306 N. Y. 979; *Matter of Kayser* v. *Erie County Highway Dept.,* 276 App. Div. 789.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.